**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**(WESTERN DIVISION)**

| | |
|---|---|
| SCOTT BURNS, Individually and on Behalf of All Other Persons Similarly Situated, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>CITY OF HOLYOKE, )<br>)<br>Defendant. ) | Civil No. 3:12-cv-30003-NMG<br><br>Date: March 30, 2012 |

### DEFENDANT, CITY OF HOLYOKE'S, OPPOSITION TO PLAINTIFF'S MOTION FOR RECOGNITION OF A COLLECTIVE ACTION UNDER 29 USC SECTION 216B AND FOR COURT FACILITATION OF NOTICE

NOW COMES the Defendant, City of Holyoke ("Holyoke") which opposes the Plaintiff's Motion for Recognition of a Collective Action under 29 USC Section 216b and for Court Facilitation of Notice ("Plaintiff's motion"). Holyoke opposes the Plaintiff's motion because it would be premature to grant the motion in light of the current status of this case. More specifically, there is a pending Motion to Dismiss which Holyoke has filed asserting a number of grounds for dismissal. See e.g., Defendant's "*Motion to Dismiss the Pleadings*" filed January 30, 2012 ("Document 8"); Defendant's "*Memorandum of Law in Support of Motion to Dismiss*" filed on January 30, 2012 ("Document 9"); and Defendant's "*Motion to Dismiss the Pleadings to the Amended Complaint*" ("Document 13"). This Court has not yet ruled on Holyoke's Motion to Dismiss. Moreover, for the reasons outlined in Holyoke's *Memorandum in Support of its Motion to Dismiss*, Plaintiff has failed to allege sufficient facts to support

maintaining a collective action under 29 USC Section 216b.  See Defendant's Memorandum filed on January 30, 2012, pp. 4-7 ("Document 9").

## BACKGROUND OVERVIEW

Plaintiff, Scott Burns, an employee of Holyoke and a purported member of Holyoke's Municipal Employees Union, SEIU, Local 888 ("Union"), filed this lawsuit on January 5, 2012. The Plaintiff's Complaint claims, inter alia, that certain of Holyoke's pay practices violate the Fair Labor Standards Act ("FLSA") overtime pay requirements as well as State Law provisions, namely, the Massachusetts Minimum Fair Wages Law, MGL Chapter 151, Section 1A .  He purported to bring his Complaint on behalf of himself and other "similarly situated employees" of Holyoke whom he defines as members of the Union who are or have been employed by Holyoke since January 5, 2009.

On or about January 30, 2012, Holyoke filed a Motion to Dismiss the Complaint. Holyoke asserted in the Motion that Plaintiff's Complaint was defective in that: (1) the Complaint failed to meet the relevant pleading standards which demanded more factual content about the so-called overtime violations than what was alleged in the pleading; (2) the Complaint failed to allege sufficient facts showing that it should be maintained as a  Fair Labor Standards Act ("FLSA") "collective action" because, for among other reasons, employees alleged to be in the putative class were not shown to be similarly situated to the Plaintiff, and (3) his State Law claim was defective because the State Minimum Fair Wages Law which he cited has been held

by this Court <u>not</u> to apply to the public sector.  <u>Lemieux v. City of Holyoke</u>, 740 Supp. 2d 246, 259-61 (D. Mass 2010).[1]

On February 14, 2012, in response to Holyoke's Motion to Dismiss, Plaintiff filed a "First Amended Complaint" ("Amended Complaint").  The Amended Complaint essentially contained the same allegations as contained in the original Complaint but added some additional allegations concerning Plaintiff's hourly rate of pay and allegations about certain time periods in which he worked more that forty (40) hours and received certain "wage augments."  Simultaneously, Plaintiff filed an Opposition to Holyoke's Motion to Dismiss claiming, among other arguments, that his Amended Complaint with additional factual details now met the relevant FLSA pleading standards.  He also alleged that his pleading allegations concerning how he and other putative class members are or were members of the same City Union and were paid on an hourly basis and had worked more than forty (40) hours in at least one work week since January 2009 all demonstrated that he could maintain his lawsuit as a FLSA "collective action."

To ensure that it was preserving for the Court's review and further disposition its arguments in support of dismissal which had not been cured by the Amended Complaint, Holyoke, on or about February 28, 2012, filed its *Motion to Dismiss Plaintiff's the Pleadings to the Amended Complaint* and requested oral argument on the Motion.  To date, no oral argument has been scheduled on this Motion and the Motion remains pending and unresolved.

Now at this juncture, Plaintiff has filed the instant Motion for Recognition of a Collective Action under the FLSA and for Court Facilitation of Notice.  Plaintiff's Motion requests that the

---

[1] Plaintiff purports to bring his State Law claim as a "Class Action" under Fed. R. Civ. Proc. 23 ("Rule 23 Class Action").  There are a number of significant differences between a Rule 23 Class Action and a "Collective" Class Action under the FLSA.  For example, under a FLSA "Collective" Action, plaintiffs are required to "opt-in" to the Class to benefit from any relief that may be ordered whereas Class Action plaintiffs under Rule 23 will automatically be considered part of the class unless they affirmatively "opt-out." A number of federal courts have dismissed, from FLSA "collective actions", pendent state wage and hour claims because of the inherent incompatability between opt-in FLSA collective actions and opt-out Rule 23 class actions.  <u>See e.g.</u>, <u>DeAsencio v. Tyson Foods, Inc</u>., 342 F.3d 301 (3rd Cir. 2003).

3

Court now preliminarily "certify" this action as a representative FLSA collective action with respect to members of the Union employed by the City at any time since January 5, 2009 and further requests Holyoke to provide Plaintiff with the names, addresses, telephone numbers and e-mail addresses of each member of the Union employed by the City since January 5, 2009 so that Plaintiff can send Notice and Opt-In Forms to each.

## ARGUMENT

**I.   Plaintiff's Motion for Recognition of a Collective Action and Court Facilitation of Notice Should be Denied.**

Holyoke respectfully asserts that Plaintiff's Motion is premature and should not even be considered until after the disposition of the City's Motion to Dismiss Plaintiff's Amended Complaint.  The City maintains that it would be an exercise in the proverbial exercise of "putting the cart before the horse" for the Court to decide this Motion and authorize the relief which the Plaintiff requests before resolving the validity of the Amended Complaint as requested by the City in its Motion to Dismiss.[2]   Furthermore, Holyoke respectfully asserts that it would be patently unfair to grant Plaintiff's motion and require the City at this juncture to incur the expense and burden of providing Plaintiff with the detailed information which he requests so that he can contact other current and former employees in an attempt to create momentum for his litigation *before* such time as the City's Motion to Dismiss is resolved.

---

[2] For example, Plaintiff's Amended Complaint asserts, as a second Count, a Rule 23 "opt-out" class action predicated on his State law claim in addition to asserting an "opt-in" collective action which is the only "class action" permitted by the FLSA.  His assertion of these two fundamentally different "class actions" in this one case raises significant and complex legal issues.  See note 1, supra.  Defendant's pending Motion to Dismiss seeks the dismissal of the State Law claim.  It is premature to proceed immediately with a ruling on Plaintiff's Motion for Recognition of a Collective "Class Action" under the FLSA until the pending Motion to Dismiss along with issues concerning the appropriate class action vehicle(s) that may be utilized in this case are resolved.

4

Moreover, for the reasons expressed by the City in its Memorandum in Support of its Motion to Dismiss filed on January 30, 2012 at pages 4 through 7 ("Document 9"), the Plaintiff's allegations fail to meet the standard that must be met for granting the Plaintiff's Motion.

Plaintiff's purported class which he seeks to have certified are members of the Union employed at any time by the City since January 5, 2009. This includes not only Police Dispatchers like the Plaintiff but employees employed in various other, disparate City jobs and dispersed among other City departments-jobs ranging from Deputy Treasurer and Deputy Tax Collector to unspecified "inspectors" and "code enforcers"; medical technicians and maintenance employees. As the City argued in its Memorandum in Support of its Motion to Dismiss, Plaintiff provides no indication as to approximately how many class members would be involved nor does he provide information concerning whether those employees work under similar supervision or management or whether a "common policy or practice" was applied by all departments in the same manner. In short, his allegations fail to meet the fairly lenient standard of showing that the members of the putative class which he seeks to have preliminarily certified "were subject to a single, decision, policy or plan that violated the law." See Defendant's Memorandum, at page 6 ("Document 9"). The affidavit of the Plaintiff and two other Police Dispatcher employees which Plaintiff has submitted with his Brief similarly are bereft of any facts or information showing that members of the Plaintiff's putative class ("all" Union members) employed since January 2009 and working in other jobs and departments in the City and covered by the City's collective Bargaining Agreement with the Union were subjected to a "common policy or practice" which violated the FLSA.

In summary, for the reasons outlined above and in Defendant's Memorandum in Support of its Motion to Dismiss the Complaint and "Amended Complaint" ("Document 9"), the City respectfully requests that the Plaintiff's Motion for Recognition of a Collective Action Under 29 USC Section 216B and for Court Facilitation of Notice be Denied.

**ORAL ARGUMENT REQUESTED**

Respectfully submitted,

The Defendant,

CITY OF HOLYOKE

By its attorneys

*/s/ Gordon D. Quinn*
Layla G. Taylor, Esq. – BBO No.: 660736
Gordon D. Quinn, Esq. – BBO No.: 555789
SULLIVAN, HAYES & QUINN, LLC
One Monarch Place – Suite 1200
Springfield, MA 01144-1200
Phone: (413) 736-4538
Fax:    (413) 731-8206
E-mail: Layla.Taylor@sullivanandhayes.com
           Gordon.Quinn@sullivanandhayes.com

## CERTIFICATE OF SERVICE

I hereby certify that on 30th day of March 2012, I electronically filed Defendant, City of Holyoke's, Opposition to Plaintiff's Motion for Recognition of a Collective Action Under 29 USC Section 216b and for Court Facilitation of Notice with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following registered participants:

Jeffrey S. Morneau, Esq.
Nathan A. Olin, Esq.
Connor, Morneau & Olin, LLP
73 State Street, Suite 310
Springfield, MA 01103
E-mail:  jmorneau@cmolawyers.com

*/s/ Gordon D. Quinn*
Gordon D. Quinn, Esq.