```
                    United States District Court
                      District of Massachusetts
_____
                              )
SCOTT BURNS, individually and )
on behalf of all other persons)
similarly situated,           )
         Plaintiff,           )    Civil Action No.
                              )    12-30003-NMG
         v.                   )
                              )
CITY OF HOLYOKE,              )
         Defendant.           )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

Plaintiff Scott Burns ("Burns") brings this suit on behalf of himself and others similarly situated against the City of Holyoke ("the City") for violating the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207, and the Massachusetts Minimum Fair Wages Act, M.G.L. c. 151, § 1A, by failing to pay overtime at one and one-half times the regular pay rate.

Before the Court is the plaintiff's motion for preliminary certification of the putative class and the City's motion to dismiss.

## I. Background

Between January 5, 2009 and the present ("the Class Period"), Burns has been employed as a police dispatcher by the City and has been a member of the Service Employees International Union, Local Union 888 ("Local Union 888"). Through his union

membership, Burns was party to a collective bargaining agreement ("CBA") which governs the terms and conditions of his employment with the City.

Under the terms of the CBA, employees are purportedly entitled 1) to earn overtime pay for work in excess of 40 hours in one week and 2) to receive augments to their usual salary, including longevity pay, holiday pay, vacation pay upon retirement, sick leave pay upon retirement and uniform pay.

The FLSA requires that employees be compensated for hours worked in excess of 40 hours per week at a minimum rate of one and one-half times their regular rate of pay. 29 U.S.C. § 207(a)(1). Burns contends that the City has under-calculated the overtime pay to which its Local Union 188 employees are entitled by excluding pay augmentations from their regular rates of pay. Instead, he contends, the City paid them only one-and-a-half times their base salaries.

Burns therefore brings this suit on behalf of himself and others similarly situated. The proposed putative class is comprised of all current or former members of Local Union 188 who worked for the City during the Class Period. According to the amended complaint, that class includes:

> a. office clerical employees in the City of Holyoke including the Deputy City Treasurer, Deputy Tax Collector, Assistant City Auditor, Assistant to the Assessors, Assistant City Clerk and Deputy Commissioner of Veterans Benefits;

>    b. Inspectors and Code enforcers employed by the City of
>    Holyoke in the Department of Codes and Inspections, and
>    all inspectors and sanitarians in its Board of Health and
>    all inspectors in its Department of Engineering and the
>    Deputy Sealer of Weights and Measures of the City of
>    Holyoke;
>
>    c. Police Dispatchers employed by the City of Holyoke;
>
>    d. Medical Technicians employed by the City of Holyoke in
>    the Board of Health Department; and
>
>    e. Maintenance Employees employed by the City of Holyoke
>    at the City Hall and the War Memorial Building.

Burns alleges that, during the Class Period, he and the class members were paid at a per-hour rate and on a bi-weekly basis, worked overtime and received one or more pay augmentations. He further alleges that they all were subject to the City's purported "common policy and practice" of under-calculating overtime pay.

## II.  **Procedural History**

Plaintiff filed his complaint in January, 2012, and, shortly thereafter, defendant moved to dismiss. In February, 2012, plaintiff filed an amended complaint and opposed the motion to dismiss. The defendant then filed a motion to dismiss the amended complaint.

In March, 2012, the case was reassigned to this Session after United States District Judge Michael A. Ponsor took senior status. Shortly thereafter, plaintiff filed a motion for preliminary certification of the putative class, which the defendant has opposed.

### III. <u>Analysis</u>

####   A.   Plaintiff's Motion for Conditional Certification

The FLSA authorizes an employee to bring suit against an employer on his own behalf and on behalf of other "similarly situated" employees. 29 U.S.C. § 216(b). Such actions are permitted "to serve the interest of judicial economy and to aid in the vindication of plaintiffs' rights." <u>Hoffmann-La Roche Inc.</u> v. <u>Sperling</u>, 493 U.S. 165, 170 (1989).

To bring a collective action, however, the plaintiffs must be "similarly situated" to one another. <u>Id.</u> To determine whether putative class members are similarly situated, the Court follows a two-tiered approach. <u>O'Donnell</u> v. <u>Robert Half Intern., Inc.</u>, 429 F. Supp. 2d 246, 249 (D. Mass. 2006) (citing <u>Kane</u> v. <u>Gage Merch. Servs., Inc.</u>, 138 F. Supp. 2d 212, 214 (D. Mass. 2001)). First, at the "notice stage", the Court relies upon the pleadings and affidavits to determine, under a "fairly lenient standard", whether the putative class members "were subject to a single decision, policy, or plan that violated the law". <u>See id.</u> Second, upon the close of discovery and a motion from an employer, the Court considers whether de-certification is warranted. <u>See id.</u>

In this case, we are at the first stage and the Court must determine whether the putative class is "similarly situated". Although that determination is made using a fairly lenient

standard, the standard is not "invisible". See Houston v. URS Corp., 591 F. Supp. 2d 827, 831 (E.D. Va. 2008) (citations omitted). Rather, "as a matter of sound case management" and to avoid "a frivolous fishing expedition at the employer's expense", courts should generally require the party moving for conditional certification to make "a preliminary factual showing that there actually exists a similarly situated group of potential plaintiffs." Melendez Cintron v. Hershey Puerto Rico, Inc., 363 F. Supp. 2d 10, 18 (D.P.R. 2005). At a minimum, the plaintiff must "put forth some evidence that the legal claims and factual characteristics of the class in [the] case are similar." Trezvant v. Fidelity Emp'r Servs. Corp., 434 F. Supp. 2d 40, 44 (D. Mass. 2006) (citing Kane, 138 F. Supp. 2d at 215).

The Court concludes that plaintiff has failed to meet his burden for conditional certification. The purported class is comprised of all current, or former, members of Local Union 188 who are, or have been, employed by the City during the Class Period. That group encompasses an assorted array of City employees working in different departments. It includes not only police dispatchers, such as the plaintiff, but also a host of other City employees such as tax collectors and auditors, inspectors employed by the Department of Engineering, medical technicians employed by the City's Board of Health, and maintenance workers employed at City Hall. No information is

provided in affidavits or the amended complaint concerning the respective duties or responsibilities of class members or whether they work under similar supervision or management.  Based upon the diversity of the job positions and departments of employment, and a modicum of common sense, the requisite similarity of responsibilities and supervision is doubtful.

In his motion, plaintiff denies that diverse job titles or positions among class members is of any significance to conditional class certification.  He relies on Davis v. Footbridge Eng'g Servs, LLC, No. 09-11133, 2010 U.S. Dist. LEXIS 106523 (D. Mass. Oct. 5, 2010), in which the court noted that "different job titles or positions do not preclude a finding that plaintiffs are similarly situated."  That statement, while accurate, is deceptive.  The Davis court proceeded to allow provisional certification only after determining that the plaintiff had "adequately alleged that she and her potential class members performed similar functions and were subject to similar policies."  Id.  The Court concluded that those allegations were enough to "justify conditional certification despite the differences in the class members' job titles and work locations."  Id.

Thus, simply because job disparity does not preclude conditional certification, its existence is not irrelevant to the analysis.  In fact, courts generally require at least some

-6-

showing of similar job requirements before allowing conditional certification, see, e.g., Trezvant, 434 F. Supp. 2d at 44 (requiring employees with disparate job titles or positions to make a factual showing of similar job functions and pay provisions before determining them to be "similarly situated"). Here, plaintiff has made no such showing.

Plaintiff's failure in that regard is exacerbated by the fact that the amended complaint does not 1) specify how many members fall within the putative class or 2) demonstrate that such members are interested in joining the lawsuit. The plaintiff estimates only that the class will include "at least 50 plaintiffs" and submits boilerplate affidavits from two other employees who, as is the named plaintiff, are police dispatchers and express their desire to opt into the action. Notably, those declarations are silent as to the existence of employees from different departments who are interested in joining the suit or are subject to the same purported policy of underpayment. The Court declines to certify such an ambiguous class based on the affidavits of a few employees. See Delano v. MasTec, Inc., No. 8:10-CV-320-T-27MAP, 2011 WL 2173864, at *4 (M.D. Fla. June 2, 2011) (noting that courts in its district "have routinely denied requests for conditional certification where plaintiffs attempt to certify a broad class based only on the conclusory allegations of a few employees").

Finally, plaintiff's conclusory allegation that all class members are subject to the City's "common policy and practice" of excluding wage augmentations from employees' regular rate of pay is insufficient, in and of itself, to show similarity. Trezvant, 434 F. Supp. 2d at 43 (noting that an "unsupported allegation of a common plan" is insufficient for conditional certification). The only arguable support for that allegation is 1) the plaintiff's wholly speculative claim that all class members received varying pay augmentations which were not included in their regular rate of pay for purposes of calculating overtime and 2) the two aforementioned affidavits in which potential opt-in plaintiffs aver that the holiday pay, longevity pay and clothing allowance they received from the City were not so included. Again, however, because both affiants are police dispatchers, their statements do not support an inference that the purported common practice and policy of underpayment was widespread and uniform across the various City departments involved in this case.

The circumstances of this case are most analogous to those which have prompted the Court to deny conditional certification. For example, in O'Donnell, 429 F. Supp. 2d at 250, the Court denied conditional certification, noting that the putative class

> would number in the thousands, would include unidentified individuals in different departments and locations and would involve those working under different management.

The Court further remarked that plaintiffs had failed to demonstrate that any of the putative class members were interested in joining the suit and that "[c]ourts have considered such interest to be a requirement to justify conditional certification of a class." Id.

By contrast, in Kane, 138 F. Supp. 2d at 215, conditional certification was allowed because 1) plaintiff sought to certify a "discrete" class of only 50-100 people, 2) all of whom had worked on a single construction job under a single supervisor and 3) had been subjected to the same explicit policy under one particular constructions contract. See also Litz v. Saint Consulting Grp., Inc., No. 11-10693-GAO, 2012 WL 549057, at *2 (D. Mass. Feb. 17, 2012) (allowing conditional certification where employees had the same general job descriptions, duties and terms of employment, billed time on an hourly basis and received similar training and directives from management).

The plaintiff's burden to establish that this case is appropriate for conditional certification is not onerous. Nonetheless, before subjecting an employer to the rigors of a collective action, plaintiff must at least establish a colorable factual basis for his claim that a manageable class of "similarly situated" plaintiffs exist. Here, a common City employer, collective bargaining agreement and payment schedule is insufficient to establish such similarity. Considering the

obviously diverse job positions and duties involved, the absence of facts to support plaintiff's conclusory assertion of widespread violations and the ambiguity with respect to the number and interest of the putative class members, the Court finds that plaintiff has failed to meet his burden. Accordingly, plaintiff's motion to certify will be denied.

### B. Motion to Dismiss

The City moves to dismiss the amended complaint with respect to the collective class action and the claim under Massachusetts law.

#### 1. Legal Standard

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In considering the merits of a motion to dismiss, the Court may look only to the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the complaint and matters of which judicial notice can be taken. Nollet v. Justices of the Trial Court of Mass., 83 F. Supp. 2d 204, 208 (D. Mass. 2000), aff'd, 248 F.3d 1127 (1st Cir. 2000). Furthermore, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Langadinos v. Am. Airlines, Inc., 199 F.3d 68, 69 (1st Cir. 2000). If the

facts in the complaint are sufficient to state a cause of action, a motion to dismiss the complaint must be denied. See Nollet, 83 F. Supp. 2d at 208.

Although a court must accept as true all of the factual allegations contained in a complaint, that doctrine is not applicable to legal conclusions. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Threadbare recitals of the legal elements which are supported by mere conclusory statements do not suffice to state a cause of action. Id. Accordingly, a complaint does not state a claim for relief where the well-pled facts fail to warrant an inference of anything more than the mere possibility of misconduct. Id. at 1950.

### 2. Claim Under the FLSA

The City concedes that the amended complaint states a cause of action for Burns individually but moves to dismiss it with respect to the collective class action. That portion of the motion to dismiss will be denied as moot because this Court has already determined, when denying plaintiff's motion for conditional class certification, that the FLSA claim may not proceed collectively.

### 3. Claim Under M.G.L. c. 151

Count II of the amended complaint asserts a violation of the Massachusetts Fair Wages Act, M.G.L. c. 151, § 1A, which requires, as does the FLSA, state employers to compensate an

employee "at a rate of not less than one and one half times the regular rate at which he is employed" for work in excess of 40 hours a week. The City moves to dismiss that Count, arguing that the Fair Wages Act is inapplicable to municipal employees as a matter of law.

Recently, the City successfully litigated this precise issue before Judge Ponsor in <u>Lemieux</u> v. <u>City of Holyoke</u>, 740 F. Supp. 2d 246 (D. Mass. 2010). After careful consideration of the statute and pertinent Massachusetts case law, Judge Ponsor concluded that

> the legislature never intended to jettison the doctrine of municipal immunity in order to permit suits by municipal employees under the state's Fair Wages Act.

<u>Id.</u> at 260-61.

This Court agrees with Judge Ponsor's careful analysis of this issue and joins in the holding reached in <u>Lemieux</u>. Accordingly, the plaintiff's claim under state law is foreclosed and the defendant's motion to dismiss Count II will be allowed.

**ORDER**

In accordance with the foregoing,

1) plaintiff's Motion to Certify Class (Docket No. 14) is **DENIED** and

2) defendant's Motion to Dismiss (Docket No. 13) is, with respect to the claim under M.G.L. c. 151, **ALLOWED,** but is, with respect to the claim under the FLSA, **DENIED** as moot.

**So ordered.**

                                          /s/ Nathaniel M. Gorton  
                                          Nathaniel M. Gorton  
                                          United States District Judge

Dated August 3, 2012